UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

WAYNE R. SMITH,

                          Plaintiff,

v.                                                       6:24-CV-0687
                                                     (GTS/MJK)

ROBERT MACIOL, Oneida County Sheriff;
ONEIDA COUNTY SHERIFF'S DEPT.;
CONNELLY, Oneida County Sheriff Deputy; and
JOHN DOE, Oneida County Sheriff Deputy,

                        Defendants.
_____

APPEARANCES:

WAYNE R. SMITH, 24-B-3346
  Plaintiff, *Pro Se*
Collins Correctional Facility
P.O. Box 340
Collins, New York 14034

GLENN T. SUDDABY, United States District Judge

## DECISION and ORDER

Currently before the Court, in this *pro se* civil rights action filed by Wayne R. Smith ("Plaintiff") against the Oneida County Sheriff's Department and three of its employees ("Defendants"), is United States Magistrate Judge Mitchell J. Katz's Report-Recommendation recommending that the Court dismiss with prejudice Plaintiff's Amended Complaint to the extent it asserts claims against the Oneida County Sheriff's Department, that the Court dismiss without prejudice (to refiling in this action upon leave of the Court) Plaintiff's Amended Complaint to the extent it asserts claims against Oneida County Sheriff Robert Maciol, and that the Court permit Plaintiff's Amended Complaint to proceed for now to the extent that it asserts

claims of false arrest and false imprisonment against Defendants Connelly and Doe. (Dkt. No. 7.) Plaintiff has not filed an Objection to the Report-Recommendation, and the deadline by which to do so has expired. (*See generally* Docket Sheet.) Instead, after the expiration of the Objection deadline, Plaintiff apparently attempted to file two different versions of a pleading labeled "Amended Complaint" (which, in actuality, were a Second Amended Complaint and Third Amended Complaint). (Dkt. Nos. 8, 10.)[1] In addition, Plaintiff has filed a motion to appoint counsel. (Dkt. No. 11.)

After carefully reviewing the relevant papers herein, including Magistrate Judge Katz's thorough Report-Recommendation, the Court can find no clear error in the Report-Recommendation:[2] Magistrate Judge Katz employed the proper standards, accurately recited the facts, and reasonably applied the law to those facts. (Dkt. No. 7.) As a result, the Report-Recommendation is accepted and adopted in its entirety for the reasons set forth therein. (*Id.*) To those reasons, the Court adds only two points.

First, because Plaintiff had already filed an Amended Complaint before the issuance of the Report-Recommendation, he had no right to file, "as a matter of course" under Fed. R. Civ.

---

[1] The Court notes that neither of the amended pleadings was indicated as being a "proposed" pleading. (Dkt. Nos. 8, 10.)

[2] When no objection is made to a report-recommendation, the Court subjects that report-recommendation to only a clear-error review. Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition. When performing such a clear-error review, "the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Id.*; *see also Batista v. Walker*, 94-CV-2826, 1995 WL 453299, at *1 (S.D.N.Y. July 31, 1995) (Sotomayor, J.) ("I am permitted to adopt those sections of [a magistrate judge's] report to which no specific objection is made, so long as those sections are not facially erroneous.") (internal quotation marks omitted).

P. 15(a)(1), either a Second Amended Complaint or Third Amended Complaint: rather, he had to "propose[]" that amended pleading, as indicated in the Report-Recommendation. (Dkt. Nos. 4, 7, 8, 10.) As a result, the Court will liberally construe those pleadings a *proposed* ones, and will direct the Clerk's Office to re-label Dkt. No. 8 as a "PROPOSED SECOND AMENDED COMPLAINT" and Dkt. No. 10 as a "PROPOSED THIRD AMENDED COMPLAINT."

Second, because Plaintiff had not yet had the benefit of this Court's ruling on the Report-Recommendation when he submitted either of the two above-referenced proposed amended pleadings,[3] the Court will give him thirty days from the entry of this Decision and Order in which to either (1) file a letter indicating which of his two prior proposed amended pleadings he wishes to submit for Magistrate Judge Katz' consideration, or (2) file a proposed Fourth Amended Complaint for Magistrate Judge Katz' consideration. <u>Again, any amended pleading must be a complete pleading, which will supercede Plaintiff's Amended Complaint in all respects, may not incorporate by reference any portion of his Amended Complaint, and must include all remaining facts and causes of action</u>. (To the extent that it does not so include such facts and causes of action, it will be deemed to have abandoned them.)

Finally, Plaintiff's motion to appoint counsel is denied without prejudice as unsupported by a showing of cause. It appears as though, to date, Plaintiff has been able to effectively litigate

---

[3] The Court is mindful of the Second Circuit's suggestion that it would not be an extension of special solicitude to a plaintiff to consider an amended pleading submitted by him before he had the benefit of a ruling on a pending report-recommendation. *Cf. Cresci v. Mohawk Valley Community College*, 693 F. App'x 21, 25 (2d Cir. June 2, 2017) ("The court's criticism of Cresci for failure to submit a proposed amended complaint before learning whether, and in what respects, the court would find deficiencies was unjustified, and the court's denial of leave to replead, simultaneously with its decision that the complaint was defective, effectively deprived Cresci of a reasonable opportunity to seek leave to amend.").

this action.  Moreover, at this point, it appears that the case does not present issues that are novel or more complex than those raised in most civil rights cases.  While it is possible that there will be conflicting evidence implicating the need for cross-examination at the time of the trial (as is the case in many actions brought under 42 U.S.C. § 1983 by *pro se* litigants), it is highly probable that this Court will appoint trial counsel at the final pretrial conference (should this case survive the filing of any dispositive motions).  As a result, the Court is unaware of any special reasons why appointment of counsel at this time would be more likely to lead to a just determination of this action.  *Terminate Control Corp. v. Horowitz*, 28 F.3d 1335, 1341 (2d Cir. 1994); *Hodge v. Police Officers*, 802 F.2d 58, 61 (2d Cir. 1986).  Plaintiff is hereby notified that he may not file another motion for the appointment of counsel unless and until he can demonstrate that, in light of a specific change in circumstances, consideration of the above-referenced factors warrants the granting of such a motion.

**ACCORDINGLY**, it is

**ORDERED** that the Clerk's Office shall re-label Dkt. No. 8 as a "PROPOSED SECOND AMENDED COMPLAINT" and Dkt. No. 10 as a "PROPOSED THIRD AMENDED COMPLAINT"; and it is further

**ORDERED** that Magistrate Judge Katz's Report-Recommendation (Dkt. No. 7) is **ACCEPTED** and **ADOPTED** in its entirety; and it is further

**ORDERED** that Plaintiff's Amended Complaint (Dkt. No. 4) **SURVIVES** the Court's *sua sponte* review to the extent that it asserts claims of false arrest and false imprisonment against Defendants Connelly and Doe; and it is further

**ORDERED** that Plaintiff's Amended Complaint (Dkt. No. 4) is **DISMISSED** with

**prejudice** to the extent it asserts claims against the Oneida County Sheriff's Department; and it is further

**ORDERED** that Plaintiff's Amended Complaint (Dkt. No. 4) is **DISMISSED** without **prejudice** (to refiling in this action, upon leave of the Court) to the extent it asserts claims against the Oneida County Sheriff Robert Maciol; and it is further

**ORDERED** that, if Plaintiff wishes to replead his claims against the Oneida County Sheriff Robert Maciol, he must, within **THIRTY (30) DAYS** from the entry of this Decision and Order, either (1) file a letter indicating which of his two prior proposed amended pleadings he wishes to submit for Magistrate Judge Katz' consideration, or (2) file a proposed Fourth Amended Complaint for Magistrate Judge Katz' consideration; and it is further

**ORDERED** that any such proposed amended pleading must be a complete pleading, which will supercede Plaintiff's Amended Complaint in all respects, may not incorporate by reference any portion of his Amended Complaint, and must include all remaining facts and causes of action; and it is further

**ORDERED** that any such proposed amended pleading submitted by Plaintiff be returned to Magistrate Judge Katz for review; and it is further

**ORDERED** that Plaintiff's motion to appoint counsel (Dkt. No. 11) is **DENIED** without **prejudice**.

Dated: November 15, 2024
       Syracuse, New York

Glenn T. Suddaby
U.S. District Judge

5